UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILLIP JAMES CARSON                                          PETITIONER

VERSUS                                    CIVIL ACTION NO. 3:23-CV-178-DPJ-RPM

BURL CAIN et al                                              RESPONDENTS

## REPORT AND RECOMMENDATIONS

Before the Court is Petitioner Phillip James Carson's ("Carson") Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254.[1]  Doc. [1].  Carson is currently an inmate at the Central Mississippi Correctional Facility.  Doc. [59].  He was convicted for possession of a controlled substance and sentenced to 20 years, with ten years to serve, ten years suspended, and five years of post-release supervision.  Doc. [10-1] at 30, 32.

Carson sets forth three grounds in his petition.  Doc. [1] at 5–8.  In Ground One, he claims his due process rights under the Fourteenth Amendment were violated.  *Id.* at 5.  In Ground Two, he claims his Fourth Amendment rights were violated due to an unlawful stop, arrest, and search.  *Id.* at 7.  In Ground Three, he claims ineffective assistance of counsel.  *Id.* at 8.  Respondents argue Carson's claim in Ground One is procedurally barred.  Doc. [9] at 14.  Respondents argue Carson's claim in Ground Two is not cognizable in this action because he was provided a full and fair opportunity to raise his Fourth Amendment claim in state court.  *Id.* at 19.  Lastly, Respondents argue Carson's claims in Ground Three are procedurally barred from federal habeas review or, alternatively, Carson either fails to overcome the Antiterrorism and Effective Death Penalty Act's

---

[1] Carson subsequently filed two motions to amend his petition.  Doc. [6]; [11].  The Court denied Carson's first motion because he did not raise any new claims or arguments.  *See* Text Only Order (04/04/2023).  The Court denied Carson's second motion for the same reason; however, the Court construed Carson's arguments in his second motion as additional support to his petition.  Doc. [16].

("AEDPA") deferential standards or fails to show his claims would succeed on the merits. *Id.* at 22, 25, 45.

Carson filed motions requesting discovery, record expansion, and evidentiary hearings.[2] Doc. [22]; [26]; [27]; [30]; [31]; [34]; [40]; [50]. The Court denied those motions. Doc. [53]. The Court found Carson failed to show discovery was warranted. *Id.* at 6. Furthermore, the Court found it would be inappropriate to conduct an evidentiary hearing or otherwise consider new evidence as to Ground Two because it was adjudicated on the merits in state court. *Id.* at 4. With respect to Grounds One and Three, however, the Court explained it would address the need to expand the record or for an evidentiary hearing when addressing Carson's petition. *Id.* at 5. Having considered Carson's petition, the Court concludes it is not necessary to expand the record or conduct an evidentiary hearing.

## I.    BACKGROUND

Carson was arrested for possession of a controlled substance on January 3, 2020. Doc. [10-1] at 5; [10-8] at 315. On May 28, 2020, he was indicted for possession of more than ten grams but less than thirty grams of cocaine. Doc. [10-1] at 5. He was tried and convicted by a jury in the Warren County Circuit Court on March 16, 2021. *Id.* at 30. The trial court sentenced Carson to 20 years, with ten years to serve, ten years suspended, and five years post-release supervision. *Id.* at 32. Carson appealed his conviction and sentence. *Id.* at 47.

On direct appeal, Carson's appellate counsel filed a brief raising two issues for review: whether the evidence at trial was insufficient to support the conviction; and whether the conviction was against the overwhelming weight of the evidence. Doc. [10-7] at 5. Carson also filed a *pro se* brief raising additional issues. *Id.* at 14–18. He filed a supplemental reply brief raising an issue

---

[2] Carson also filed a Motion to Clarify Allegations and a Motion for Judicial Notice. Doc. [37]; [45]. The Court denied these two motions. Doc. [48]; [49].

concerning the circumstances leading to the trial court's decision to give a *Sharplin* instruction.[3] *Id.* at 46.

The Mississippi Court of Appeals addressed the issues raised by Carson's appellate counsel and the issues raised in Carson's *pro se* brief. *Carson v. State*, 341 So.3d 995, 999–1003. (Miss. Ct. App. 2022). With respect to the sufficiency and weight of the evidence, the court concluded "a reasonable fair-minded juror could find the testimony presented to be incriminating beyond a reasonable doubt." *Id.* at 1001 (quoting *Lee v. State*, 767 So.2d 1025, 1027 (Miss. Ct. App. 2000)). As for Carson's search-and-seizure issue, the court found the issue was waived for failing to raise it at trial. *Id.* Yet the court still addressed the issue, finding no Fourth Amendment violation for stopping and arresting Carson and searching the vehicle. *Id.* at 1002. The court explained as follows:

> The officers had probable cause to initiate a traffic stop when they observed Carson committing an apparent traffic violation by stopping his [vehicle] in the middle of the road. The officers then had probable cause to arrest Carson for the crime of fleeing a law enforcement officer after he drove away and failed to stop his vehicle in response to blue lights and sirens. Finally, the officers were entitled to search the [vehicle] after they had retrieved the cocaine they saw thrown from the vehicle and were in the process of lawfully arresting Carson. Accordingly, the officers committed no Fourth Amendment violation by stopping and arresting Carson and searching the [vehicle].

*Id.* (internal citation and footnotes omitted).[4] The court also found trial counsel's decision not to file a motion to suppress was not ineffective assistance because the stop and arrest and the search of the vehicle were all legal based on the existence of probable cause. *Id.* at 1002–03. After addressing the remaining issues raised by Carson, the court affirmed Carson's conviction and

---

[3] *See Sharplin v. State*, 330 So.2d 591 (Miss. 1976) (identifying instructions a trial judge may give after learning that a jury cannot reach a unanimous verdict).

[4] Because Carson raised a reasonable-expectation-of-privacy issue, the court further noted, as the driver in lawful possession or control of the vehicle, Carson had standing to challenge the search although the vehicle was not rented to him. *Carson*, 341 So.3d at 1002 n.4 (citing *Byrd v. United States*, 584 U.S. 395, 411 (2018)).

sentence.[5]  *Id.* at 1003.  Carson did not seek rehearing in the Mississippi Court of Appeals or certiorari review in the Mississippi Supreme Court.

Carson, proceeding *pro se*, filed a post-conviction-relief ("PCR") application and other pleadings.  Doc. [10-8] at 27–28, 33, 36–41, 43, 273–77, 309–21.  The Mississippi Supreme Court denied Carson's PCR application.  *Id.* at 26.  The court found Carson's ineffective-assistance-of-counsel claims were without merit; Carson's juror-misconduct claim had no evidentiary support; and Carson's other claims were procedurally barred because the claims were capable of being raised at trial or on direct appeal.  *Id.*  Carson then filed a second PCR application.  [10-8] at 8; [10-9] at 6.  The Mississippi Supreme Court denied Carson's second PCR application finding it was successive and therefore barred.  Doc. [10-9] at 3.

Carson filed his petition here asserting the following grounds: (1) his due process rights under the Fourteenth Amendment were violated; (2) his Fourth Amendment rights were violated due to an unlawful stop, arrest, and search; and (3) ineffective assistance of counsel.  Doc. [1] at 5–8.

## II.    STANDARD OF REVIEW

Carson's petition is governed by the 28 U.S.C. § 2254 deferential standard.  To the extent any of Carson's claims are not procedurally defaulted and barred from federal habeas review, Carson "*must* show that the state court's denial of relief 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"  *Wooten v. Lumpkin*, 113 F.4th 560,

---

[5] As for the other issues, the Mississippi Court of Appeals found as follows: Carson's issue regarding the Eighth Amendment's ban on cruel and unusual punishments was without merit; Carson's rights under the Confrontation Clause of the Sixth Amendment were not violated; there was no evidence to support his claim of racial profiling; and the trial court did not err or abuse its discretion in the decision to give the *Sharplin* instruction.  *Carson*, 341 So.3d at 1002–03.  The court declined to address Carson's issue concerning the discussion of the *Sharplin* instruction outside of his presence because it was raised for the first time in his reply brief.  *Id.* at 1003 n.8.  Ultimately, the court concluded "Carson fail[ed] to identify any reversible error in his pro se brief."  *Id.* at 1003.

568 (5th Cir. 2024) (quoting 28 U.S.C. § 2254(d)). "A state court's decision is contrary to clearly established precedent if it contradicts the governing law set forth in [the Supreme Court's] cases or if the state court confronts facts that are materially indistinguishable from a decision of the Supreme Court yet reaches a different result." *Id.* (quoting *Ramey v. Lumpkin*, 7 F.4th 271, 278 (5th Cir. 2021)). "If fair-minded jurists could disagree about whether the state court's decision was correct, deference under AEDPA precludes federal habeas relief." *Id.* (quoting *Ramey*, 7 F.4th at 278).

### III.    LAW AND ANALYSIS

As set forth below, Carson's claim in Ground One is procedurally defaulted and therefore barred from federal habeas review; it also does not provide a basis for federal habeas relief. Carson's claim in Ground Two is not cognizable in this action; it also is without merit. Carson's claims in Ground Three either are procedurally defaulted and therefore barred from federal habeas review, do not provide a basis for federal habeas relief, or are without merit.

1. Fourteenth Amendment Claim

In Ground One, Carson argues his due process rights under the Fourteenth Amendment were violated. Doc. [1] at 5. Specifically, he contends "the state alleged [he] was arrested for the crime of felony fleeing," but he was never arrested, or given an initial appearance or preliminary hearing, for that crime. *Id.* at 5, 16–17. Based on this argument, he claims he was unlawfully arrested or seized without probable cause. *Id.* He concedes this particular claim was raised for the first time in his second PCR application. *Id.* at 6. He says he did not raise the issue on direct appeal because he only recently became aware of this particular claim. *Id.* at 5–6.

Respondents argue Carson's claim in Ground One was held to be procedurally barred in the state court and is barred from review in this federal habeas action. Doc. [9] at 14. Indeed, Carson

raised this specific issue for the first time in his second PCR application. Doc. [10-9] at 9–10. He

argued as follows:

> To go further, the record states that Petitioner was arrested for the crime of fleeing,
> which is what the state alle[ged] gave law enforcement probable cause to make the
> arrest, but Petitioner was never charged nor arrested for the crime of fleeing law
> enforcement officials nor given any traffic citations for violations which is what
> officials alleged initiated the traffic stop so there could be no lawful probable cause
> for Petitioner's arrest.

*Id.* at 9. Pursuant to Miss. Code Ann. § 99-39-27(9), the Mississippi Supreme Court denied

Carson's second PCR application because it was barred as a successive filing. Doc. [10-9] at 3.

"Federal habeas review of a claim is procedurally barred if the highest available state court

'dismissed the claim on a state-law procedural ground instead of deciding it on the merits." *Harper*

*v. Lumpkin*, 64 F.4th 684, 693 (5th Cir. 2023) (quoting *Rocha v. Thaler*, 626 F.3d 815, 820 (5th

Cir. 2010)). The "state-law procedural ground must be both an 'independent and adequate ground

for dismissal.'" *Id.* (quoting *Rocha*, 626 F.3d at 820). It must be "independent of the merits of the

federal claim," and the ground must be "strictly and regularly applied to the vast majority of similar

claims." *Id.* (quoting *Rocha*, 626 F.3d at 820). Here, the Mississippi Supreme Court explicitly

denied Carson's second PCR application finding it was "barred because it [was] successive" under

Miss. Code Ann. § 99-39-27(9). Doc. [10-9] at 3. "The bar on successive writs at Miss. Code

Ann. § 99-39-27(9) is a procedural bar that functions as an independent and adequate ground" and

"is strictly and regularly followed." *Jones v. King*, No. 1:13-CV-477, 2014 WL 4626508, at *3

(S.D. Miss. Sept. 15, 2014). Thus, Carson's claim in Ground One is procedurally defaulted. This

Court is therefore barred from reviewing it.

In order to obtain federal habeas review of his procedurally defaulted claim, Carson must

demonstrate cause for the default and actual prejudice as a result, or that a failure to consider the

claim would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722,

750 (1991). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008) (quoting *Coleman*, 501 U.S. at 753). "[E]xternal impediments include active governmental interference or the reasonable unavailability of the factual or legal basis for the claim." *Id.* (quoting *Rodriquez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997)). With respect to actual prejudice, "the petitioner must show "not merely that the errors . . . created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* (quoting *Smith v. Quarterman*, 515 F.3d 392, 403 (5th Cir. 2008)). And for the fundamental-miscarriage-of-justice exception, the petitioner must show "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense[.]" *Id.* at 341–42 (quoting *Dretke v. Haley*, 541 U.S. 386, 393 (2004)).

Carson says he did not raise this particular issue until his second PCR application because he was not aware of the issue at the time. Doc. [1] at 6. He adds:

> At no time did any counsel inform me of the pertinent facts of [my] case. It wasn't until [I] was feeling aggr[ie]ved after [my] first PCR motion was denied that [I] took a deeper look into the facts of [my] case because all counsel during criminal proceedings misled [me]. [I] refiled for application [for] leave a second time after learning the pertinent facts.

*Id.* He indicates his unawareness was due to attorney error. Respondents recognize attorney error can constitute cause to overcome the procedural bar when the error rises to the level of the denial of effective assistance of counsel. Doc. [9] at 17. However, Carson cannot assert ineffective assistance of counsel as cause for his default if this particular claim of ineffective assistance of counsel is also procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (holding that "an ineffective-assistance-of-counsel claim asserted as cause for the procedural

default of another claim can itself be procedurally defaulted"). If Carson's claim of ineffective assistance of counsel for failure to raise this issue is procedurally defaulted, he would need to "satisfy the 'cause and prejudice' standard before his procedurally defaulted ineffective-assistance claim [would] excuse the default[.]" *Id.* at 452 n.3.

To avoid going down this procedural-default rabbit hole, the Court pretermits any further discussion as to procedural default, as Carson's claim in Ground One can be easily resolved on other grounds. *Taylor v. Thaler*, 397 F. App'x 104, 107 (5th Cir. 2010) (citing *Busby v. Dretke*, 359 F.3d 708, 720 (5th Cir. 2004)). Ultimately, Carson's claim is a matter of prosecutorial discretion. Carson's trial counsel attempted to explain this to Carson, but "Carson was very confused on the concept of prosecutorial discretion." Doc. [10-6] at 52. He told Carson that he, as trial counsel, "did not get to pick which charge was prosecuted." *Id.* This cuts two ways. First, Carson was aware of this issue well before he filed his second PCR application because his trial counsel explained it to him. Second, because Carson's claim in Ground One concerns prosecutorial discretion, it does not provide a basis for federal habeas relief.

"In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "Whether to prosecute and what charges to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *United States v. Batchelder*, 442 U.S. 114, 124 (1979). Here, the state prosecutor exercised his discretion by prosecuting Carson for possession of a controlled substance rather than the crime of felony fleeing. "[F]ederal *habeas corpus* relief is appropriate only when a conviction has been obtained in violation of some *constitutionally* protected right." *Pruitt v. Epps*, No. 3:13-CV-988, 2016 WL

908291, at *13 (S.D. Miss. Feb. 15, 2016) (quoting *Jones v. Mississippi*, No. 2:04-CV-286, 2006 WL 3703265, at *3 (N.D. Miss. Dec. 14, 2006)).  "This Court has no supervisory power over a state prosecutor's decision regarding which matter to pursue . . . ." *Id.*  Because Carson "challenges the fundamental authority of the prosecutor's discretion" as to which matter to charge him with, "this argument does not implicate his federal constitutional rights." *Id.*  Accordingly, the undersigned concludes Carson's claim in Ground One fails to provide a basis for habeas relief.[6]

2. <u>Fourth Amendment Claim</u>

In Ground Two, Carson argues his Fourth Amendment rights were violated due to an unlawful stop, arrest, and search.  Doc. [1] at 7.  He raised this issue in both his direct appeal and his PCR applications.  *Id.*  Respondents contend Carson was provided a full and fair opportunity to raise his Fourth Amendment claim in state court and thus his claim is not cognizable in this action.  Doc. [9] at 19.

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 482 (1976).  Therefore, "Fourth Amendment violations are *generally* not cognizable on federal habeas, but they *are* cognizable

---

[6] But to the extent Carson alleges that there was somehow a lack of probable cause because he was not arrested or charged with the crime of felony fleeing, such a claim should be analyzed under the Fourth Amendment and not the Fourteenth Amendment. *See United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.").  "[A]n allegation of arrest without probable cause must be analyzed under the Fourth Amendment without reference to more general considerations of due process." *Albright v. Oliver*, 510 U.S. 266, 281 (1994) (Kennedy, J., concurring in the judgment); *see Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 441–42 (5th Cir. 2015) ("[A]lthough the Fourteenth Amendment is relevant because it applies the Fourth Amendment to the states, . . . claims of unlawful arrest and detention should be analyzed under the Fourth Amendment and not under the Fourteenth Amendment's Due Process clause.").  Probable cause is addressed in Ground Two as Carson raises a Fourth Amendment claim.

when the State has failed to provide the habeas petitioner 'an opportunity for full and fair litigation of a Fourth Amendment claim.'" *Wallace v. Kato*, 549 U.S. 384, 395 n.5 (2007) (quoting *Stone*, 428 U.S. at 482 (1976)). "[W]hen a defendant fails to raise his Fourth Amendment claim at trial . . . , then *Stone* precludes habeas relief on Fourth Amendment grounds, even though no state hearing was held on the claim." *U.S. v. Alanis*, 88 F. App'x 15, 21 (5th Cir. 2004).

The Mississippi Court of Appeals found Carson's search-and-seizure issue was waived for failing to raise it at trial. *Carson*, 341 So.3d at 1001. The court still addressed the issue, finding no Fourth Amendment violation by stopping and arresting Carson and searching the vehicle. *Id.* at 1002. Therefore, Carson not only had an opportunity to present his Fourth Amendment claim at trial, but the claim was also raised, considered, and rejected as meritless on direct appeal. "This court has . . . interpreted an 'opportunity for full and fair litigation' to mean just that: 'an opportunity.'" *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002) (quoting *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978)). Carson had his opportunity to present his Fourth Amendment claim at trial and on direct appeal. So, *Stone* bars consideration of his Fourth Amendment claim here.

Even if not barred by *Stone*, Carson's Fourth Amendment claim fails on the merits. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. U.S.*, 517 U.S. 806, 810 (1996). On January 3, 2020, the officers observed Carson's vehicle parked in the middle of the road and initiated a traffic stop by turning on their blue lights.[7] Doc. [10-2] at 122–23, 141; [10-3] at 4, 32. At the

---

[7] The officers also observed the vehicle had a paper tag. Doc. [10-2] at 122, 141; [10-3] at 32.

inception of the stop, the officers had probable cause because they observed Carson's vehicle committing a traffic violation. *See* Miss. Code Ann. § 63-3-907 ("Except where angle parking is permitted by local ordinance or usage, every vehicle stopped or parked upon a roadway where there is an adjacent curb shall be stopped or parked with the right-hand wheels of such vehicle parallel with and within twelve inches of the right-hand curb.").

"A seizure justified only by a police-observed traffic violation . . . 'becomes[s] unlawful if it is prolonged beyond the time reasonably required to complete th[e] mission' of issuing a ticket violation." *Rodriquez v. U.S.*, 575 U.S. 348, 350–51 (2015) (quoting *Illinois v. Cabelles*, 543 U.S. 405, 407 (2005)). As stated in the Mississippi Court of Appeals' opinion, however, Carson's stop, arrest, and search were not based only on an observed traffic violation:

> The officers had probable cause to initiate a traffic stop when they observed Carson committing an apparent traffic violation by stopping his [vehicle] in the middle of the road. The officers then had probable cause to arrest Carson for the crime of fleeing a law enforcement officer after he drove away and failed to stop his vehicle in response to blue lights and sirens. Finally, the officers were entitled to search the [vehicle] after they had retrieved the cocaine they saw thrown from the vehicle and were in the process of lawfully arresting Carson. Accordingly, the officers committed no Fourth Amendment violation by stopping and arresting Carson and searching the [vehicle].

*Carson*, 341 So.3d at 1002 (internal citation and footnotes omitted). "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *United States v. McCowan*, 469 F.3d 386, 390 (5th Cir. 2006) (quoting *United States v. Ramirez*, 145 F.3d 345, 352 (5th Cir. 1998)). Under the automobile exception, police are allowed "to search a vehicle if they have probable cause to believe that the vehicle contains contraband." *United States v. Ortiz*, 781 F.3d 221, 229 (5th Cir. 2015) (quoting *United States v. Fields*, 456 F.3d 519, 523 (5th Cir. 2006)).

According to testimony, Carson failed to pull over when the officers turned on their blue lights to initiate a traffic stop. Doc. [10-2] at 123; [10-3] at 4. Instead, he began driving away. Doc. [10-2] at 123; [10-3] at 4. The officers then turned on the sirens to get Carson's attention and the vehicle to stop. Doc. [10-2] at 123; [10-3] at 4–5. Carson failed to stop. Doc. [10-2] at 124; [10-3] at 5. The officers then observed something fly out of the vehicle's window. Doc. [10-2] at 124. It was later determined by the officers that Carson was the only person in the vehicle. Doc. [10-2] at 128; [10-3] at 19–20. The officers radioed to mark the spot and called to other officers to come to the area while continuing to pursue the vehicle. Doc. [10-2] at 124. Carson eventually stopped and was detained for failure to stop his vehicle. *Id.* at 125. One of the officers went to the location where the item was thrown from the vehicle and retrieved a plastic bag containing a cookie of crack cocaine. Doc. [10-2] at 125–26; [10-3] at 7, 11; *see* [10-5] at 4–15, 28.

"[O]fficers may search an automobile without having obtained a warrant so long as they have probable cause to do so." *Collins v. Virginia*, 584 U.S. 586, 592 (2018) (citing *California v. Carney*, 471 U.S. 386, 392–93 (1985)). Because the officers discovered the item thrown from the vehicle was a plastic bag containing a cookie of crack cocaine, they had probable cause to search the vehicle. The officers searched the vehicle and found cash and another bag of crack cocaine in the center console. Doc. [10-2] at 126–27. The record demonstrates the officers had probable cause to stop and arrest Carson and search the vehicle. *See McCalla v. Greiner*, 378 F. Supp. 2d 262, 272 (W.D.N.Y. 2005) (finding that the officers had probable cause to arrest after observing and retrieving drugs thrown from the driver's side of the vehicle). Carson fails to explain how the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law or resulted in a decision that was based on an unreasonable determination

of the facts in light of the evidence presented in the state court proceeding. Therefore, Carson's

Fourth Amendment claim is without merit.

    3.  <u>Ineffective Assistance of Counsel Claims</u>

In Ground Three, Carson raises the claim of ineffective assistance of counsel. Doc [1] at 8.

He asserts a number of issues, which the Court summarizes as follows:

    a.  His trial counsel failed to adequately investigate the pertinent facts of his case;
    b.  His trial counsel failed to file pretrial motions, a motion for discovery, a motion to suppress evidence, and a motion for bond;
    c.  His trial counsel provided false allegations to the trial court regarding a probable cause hearing;
    d.  His trial counsel failed to contest the unconstitutional search by authorities;
    e.  His trial counsel failed to raise a Fourth Amendment challenge to the facts underlying the search and seizure and failed to object to the admissibility of evidence;
    f.  His trial counsel failed to contest the alleged crime of felony fleeing;
    g.  His trial counsel failed to contest the release of the seized vehicle;
    h.  His trial counsel failed to inform him that the jury was at a stalemate until recess was over and discussed giving the jury a *Sharplin* instruction outside of his presence;
    i.  His trial counsel coerced him to tell the trial court at sentencing that he was a drug user in a plea for leniency;
    j.  His appellate counsel failed to raise errors on direct appeal; and
    k.  His appellate counsel failed to seek rehearing or advise him to file for rehearing.

*Id.* at 18–20. The Court refers to each of Carson's claims listed above as Ground Three (a), Ground

Three (b), Ground Three (c), etc. For the most part, Respondents argue Carson either failed to

present these claims to the state's highest court or presented these claims for the first time in his

second, successive PCR application. Doc. [9] at 22. Thus, Respondents assert these claims are

procedurally defaulted and barred from federal habeas review. For the remaining claims,

Respondents contend Carson either fails to overcome AEDPA's deferential standards or fails to

demonstrate his claims would succeed on the merits. *Id.* at 25.

Assuming arguendo Carson can overcome AEDPA's deferential standards for his ineffective-

assistance-of-counsel claims, he "must show that his counsel's performance was deficient, and the

deficient performance actually prejudiced the defendant." *Strickland v. Washington*, 466 U.S. 688,

13

687 (1984).  "Surmounting *Strickland's* high bar is never an easy task."  *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

First, Respondents contend Carson failed to present Grounds Three (g) and (k) to the state's highest court and the claims are therefore procedurally defaulted and barred from federal habeas review.  Doc. [9] at 23–24.  Those claims are that his trial counsel failed to contest the release of the seized vehicle and his appellate counsel failed to seek rehearing or advise him to file for rehearing.  "Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."  *Busby*, 359 F.3d at 723.  This means "a habeas petitioner 'must fairly present the substance of his claim to the state courts.'"  *Id.* (quoting *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001)).

Carson failed to raise either of these specific claims on direct appeal or in his PCR applications and therefore failed to exhaust his state remedies.  He no longer has an available state avenue through which to properly present these claims.  As such, the Court finds Carson has procedurally defaulted these claims, barring them from federal habeas review.  *Finley*, 243 F.3d at 220 ("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief."); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995) (holding that when "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review").  To obtain federal habeas review of these claims, Carson must demonstrate cause for the default and actual prejudice as a result, or that a failure to consider these claims would result in a fundamental miscarriage of justice.  *See Coleman*, 501 U.S. at 750.

In Ground Three (g), Carson argues he received ineffective assistance due to his trial counsel's failure to contest the release of the seized vehicle. Doc. [1] at 19. In Carson's words, his trial counsel "did not contest that the vehicle that was seized . . . was released days after [his] seizure and was not . . . impounded and held for evidence until after [his] trial concluded."[8] *Id.* Carson does not elaborate any further. It is difficult for the Court to make sense of Carson's argument here, but it appears he may be challenging an alleged misrepresentation surrounding the release of the seized vehicle. Regardless, Carson does not demonstrate cause for the default and actual prejudice nor does he show a fundamental miscarriage of justice. And it is unclear how Carson's trial counsel was ineffective for failing to raise this issue or how raising this issue would have altered the outcome of the trial. For these reasons, the Court finds Carson's claim in Ground Three (g) fails.

In Ground Three (k), Carson argues he received ineffective assistance due to his appellate counsel's failure to seek rehearing or advise him to file for rehearing. Doc. [1] at 20. As before, the Court pretermits any further discussion as to procedural default, as this claim can be resolved on other grounds. *Taylor*, 397 F. App'x at 107 (citing *Busby*, 359 F.3d at 720). "[A] criminal defendant has no constitutional right to counsel on matters related to filing a motion for rehearing following the disposition of his case on direct appeal." *Jackson v. Johnson*, 217 F.3d 360, 365 (5th Cir. 2000). "The constitutionally secured right to counsel ends when the decision by the appellate court is entered." *Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002). In *Jackson*, the petitioner raised the same issues Carson raises here: his appellate counsel failed to file a motion

---

[8] The vehicle driven by Carson was a rental vehicle, but Carson's girlfriend, Kya Thomas, was listed on the rental agreement. Doc. [10-3] at 98–99, 102; [10-5] at 30–31. According to Thomas, she was not able to take possession of the vehicle from the scene of Carson's arrest because an officer told her it had to be towed. Doc. [10-3] at 102. Instead, she retrieved the vehicle from the tow company on the following Monday, which would have been January 6, 2020. *Id.* at 103. She returned the vehicle to the rental company on January 18, 2020. *Id.* at 98.

for rehearing and failed to inform him of his right to file such motion *pro se.* 217 F.3d at 364.  The

Fifth Circuit explained its holding as follows:

> [The petitioner] cannot have received constitutionally deficient counsel on his
> motion for rehearing . . . if he had no constitutional right to counsel for purposes of
> filing a rehearing motion.  A criminal defendant does not have a constitutional right
> to counsel to pursue discretionary state appeals.  When a state grants a criminal
> defendant an appeal of right, the Constitution requires only that the defendant's
> claims be once . . . presented by a lawyer and passed upon by an appellate court.
> Not only does a motion for rehearing come after the appellate court has passed on
> the claims; there can be no question that the granting of a motion for rehearing lies
> entirely within the discretion of a court of appeals.  Rehearing at that point is by no
> means an appeal of right.

*Id.* at 364–65 (footnotes and quotation marks omitted).  As such, the Court finds Carson's claim

in Ground Three (k) fails to provide a basis for habeas relief.

Second, Respondents state Carson's claims in Grounds Three (a), (d), (f), and (j) were first

presented in his second, successive PCR application and are therefore barred from federal habeas

review under an independent and adequate state procedural rule.  Doc. [9] at 24–25.  Those claims

are that his trial counsel failed to adequately investigate the pertinent facts of his case; his trial

counsel failed to contest the unconstitutional search by authorities; his trial counsel failed to

contest the alleged crime of felony fleeing; and his appellate counsel failed to raise errors on direct

appeal.

As previously explained, "[f]ederal habeas review of a claim is procedurally barred if the

highest available state court 'dismissed the claim on a state-law procedural ground instead of

deciding it on the merits."  *Harper*, 64 F.4th at 693 (quoting *Rocha*, 626 F.3d at 820).  Carson

raised his claims in Grounds Three (a), (d), (f), and (j) for the first time in his second PCR

application.  The Mississippi Supreme Court denied Carson's second PCR application finding it

was "barred because it [was] successive" pursuant to Miss. Code Ann. § 99-39-27(9).  Doc. [10-

9] at 3.  "The bar on successive writs at Miss. Code Ann. § 99-39-27(9) is a procedural bar that

functions as an independent and adequate ground" and "is strictly and regularly followed." *King*, 2014 WL 4626508, at *3. Thus, these claims are procedurally defaulted. This Court is therefore barred from reviewing them. To obtain federal habeas review of these claims, Carson must demonstrate cause for the default and actual prejudice as a result, or that a failure to consider these claims would result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750.

In Ground Three (a), Carson argues his trial counsel failed to adequately investigate the pertinent facts of his case. Doc. [1] at 18. "An applicant 'who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.'" *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). Carson does not allege what the investigation would have revealed or how it would it have altered the outcome of his trial. For this reason, the Court finds Carson's claim as to Ground Three (a) fails.

In Ground Three (d), Carson argues his trial counsel failed to contest the unconstitutional search by authorities. Doc. [1] at 19. This Court previously addressed Carson's Fourth Amendment claim in Ground Two on the merits and found the record demonstrates officers had probable cause to stop and arrest Carson and search the vehicle. The search by the officers was not unconstitutional. Therefore, the result of the trial would not have been different had Carson's trial counsel contested the search. *See Jackson v. Johnson*, 150 F.3d 520, 525–26 (5th Cir. 1998) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Carson's claim in Ground Three (d) is without merit.

In Ground Three (f), Carson argues his trial counsel failed to contest the alleged crime of felony fleeing. Doc. [1] at 19. As previously discussed, the prosecutor's decision not to charge Carson

with the crime of felony fleeing was a matter of prosecutorial discretion.  Because the decision to pursue a particular charge is a matter of prosecutorial discretion, trial counsel cannot be held ineffective for failing to contest this issue.  *See Webster v. Epps*, No. 2:04-CV-84-M-B, 2006 WL 3258946, at *4 (N.D. Miss. Jan. 25, 2006).  Carson's claim in Ground Three (f) is without merit.

In Ground Three (j), Carson argues his appellate counsel failed to raise errors on direct appeal. Doc. [1] at 19; [11-1] at 6.  He alleges that appellate counsel failed to raise errors of pretrial and trial counsel, plain error, and fundamental errors.  *Id.*  For the most part, Carson's claim fails because it is vague and conclusory; Carson fails to identify what specific errors appellate counsel should have raised.  He does identify at least one error that appellate counsel did not raise on direct appeal: his trial counsel "allowed evidence to be illegally used against [him] at trial."  Doc. [1] at 9.  However, this specific claim is without merit.  "Appellate counsel has broad discretion in determining which issues are more likely to be successful – and thus need not raise every 'colorable' claim on appeal."  *Harris v. Lee*, No. 4:16-CV-207-SA-JMV, 2019 WL 1210106, at *10 (N.D. Miss. Mar. 14, 2019) (citing *Jones v. Barnes*, 463 U.S. 745, 751–54 (1985)).  On direct appeal, Carson's appellate counsel raised two issues: whether the evidence at trial was insufficient to support Carson's conviction; and whether Carson's conviction was against the overwhelming weight of the evidence.  Doc. [10-7] at 5.  But Carson also filed a *pro se* brief raising additional issues.  *Id.* at 13–19.  Among other things, he raised a claim of ineffective assistance of counsel specifically for trial counsel's failure to file a motion to suppress evidence.  *Id.* at 17.  The Mississippi Court of Appeals found trial counsel's decision not to file a motion to suppress was not ineffective assistance because Carson's stop and arrest and the search of the vehicle were all legal based on the existence of probable cause.  *Carson*, 341 So.3d at 1002–03.  This Court also has found the record demonstrates the officers had probable cause to stop and arrest Carson and

search the vehicle. It follows then that trial counsel did not allow "evidence to be illegally used against [Carson] at trial." Doc. [1] at 19. The Court finds appellate counsel did not provide ineffective assistance by not raising this specific issue on direct appeal. Therefore, Carson's claim in Ground Three (j) is without merit.

Third, Respondents state that Grounds Three (b), (c), (e), (h), and (i) were raised in Carson's initial PCR application and that the Mississippi Supreme Court rejected these claims as meritless. Doc. [9] at 25–26. Those claims are that his trial counsel failed to file pretrial motions, a motion for discovery, a motion to suppress evidence, and a motion for bond; trial counsel provided false allegations to the trial court regarding a probable cause hearing; his trial counsel failed to raise a Fourth Amendment challenge to the facts underlying the search and seizure and failed to object to the admissibility of evidence; his trial counsel failed to inform him that the jury was at a stalemate until recess was over and discussed giving the jury a *Sharplin* instruction outside of his presence; and his trial counsel coerced him to tell the trial court at sentencing that he was a drug user in a plea for leniency. Respondents argue Carson either fails to overcome AEDPA's deferential standards or fails to demonstrate his claims would succeed on the merits. Doc. [9] at 25–45.

In Ground Three (b), Carson argues his trial counsel failed to file pretrial motions, a motion for discovery, a motion to suppress evidence, and a motion for bond. Doc. [1] at 18. Bond was set in this matter in the amount of $75,000 on January 3, 2020. Doc. [10-1] at 7; [10-6] at 41; [10-8] at 279. Carson posted bond on January 6, 2020. Doc. [25]. However, Carson was also out on bond for two other charges. Doc. [10-6] at 42; [10-8] at 279. A motion to revoke bond was filed in one of those matters, which resulted in the revocation of bond. Doc. [10-8] at 282, 286. After Carson was indicted, his trial counsel moved for bond. Doc. [10-1] at 5, 7. Carson obtained new trial counsel shortly thereafter. *Id.* at 9. Carson's new trial counsel filed a motion for discovery

and a motion in limine on Carson's prior crimes. *Id.* at 11, 14–15. So, several of the motions Carson alleges his trial counsel failed to file were filed. As for the failure to file a motion to suppress, Carson raised an ineffective assistance of counsel claim on direct appeal, specifically concerning his trial counsel's failure to file a motion to suppress. Doc. [10-7] at 17. The Mississippi Court of Appeals found trial counsel's decision not to file a motion to suppress was not ineffective assistance because Carson's stop and arrest and the search of the vehicle were all legal based on the existence of probable cause. *Carson*, 341 So.3d at 1002–03. The Court has already discussed this issue for similar reasons in Ground Three (d) and Ground Three (j). But here, Carson also fails to show the state court's denial of relief was contrary to, or involved an unreasonable application of, clearly established Federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). As for the failure to file the other motions, Carson fails to show deficient performance and actual prejudice under *Strickland*.

In Ground Three (c), Carson argues his trial counsel provided false allegations to the trial court regarding a probable cause hearing. Doc. [1] at 18. He asserts that the trial court relied on these alleged misrepresentations and that he was convicted as a result. *Id.* He presented this issue in his initial PCR application. Doc. [10-8] at 36. During Carson's arraignment, trial counsel represented to the trial court that a probable cause hearing occurred in this matter. Doc. [10-6] at 41. But there appeared to be confusion regarding whether trial counsel was actually referencing the hearing on the motion to revoke bond which took place in the other matter involving Carson. Regardless of the confusion and representations made to the trial court, the prosecutor corrected trial counsel and cleared up any confusion. And Carson fails to show what nexus there is, if any, between the alleged misrepresentations and his conviction. Carson was ultimately indicted which established

probable cause. *Trois v. Long*, 362 F. App'x 399, 401 (5th Cir. 2010) (citing *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975)). Therefore, the Court finds that Carson fails to show deficient performance and actual prejudice under *Strickland*.

In Ground Three (e), Carson argues his trial counsel failed to raise a Fourth Amendment challenge to the facts underlying the search and seizure and failed to object to the admissibility of evidence. Doc. [1] at 19. He raised this issue in his initial PCR application. Doc. [10-8] at 38, 41. As discussed already, the search and seizure in this case were based on probable cause. Therefore, trial counsel's performance was not deficient for failing to raise a Fourth Amendment challenge to the facts underlying the search and seizure and for failing to object to the admissibility of evidence.

In Ground Three (h), Carson argues his trial counsel failed to inform him that the jury was at a stalemate until recess was over and discussed giving the jury a *Sharplin* instruction outside of his presence. Doc. [1] at 19. He contends he had a right to be present at every stage of his criminal trial, including the discussions concerning the *Sharplin* instruction. *Id.* He raised this specific issue in his reply brief on direct appeal. Doc. [10-7] at 46. The Mississippi Court of Appeals declined to address the issue because it was raised for the first time in the reply brief. *Carson*, 341 So.3d at 1003 n.8. Carson then presented this issue in his initial PCR application. Doc. [10-8] at 38. The Mississippi Supreme Court found this issue was without merit. *Id.* at 26. The court provided no reasons for rejecting Carson's claim as meritless, but "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *see Murphy v. Davis*, No. 3:10-CV-163-N, 2017 WL 291171, at *9 n.4 (N.D. Tex. Jan. 23, 2017) ("AEDPA deference under § 2254(d) controls federal review of a state court's adjudication of the merits of a claim, even in the absence

of specific factual findings.").  Therefore, even where "a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."  *Vaccaro v. Stephens*, 566 F. App'x 311, 314 (5th Cir. 2014) (quoting *Harrington*, 562 U.S. at 98).

Here, however, the Court finds Carson fails to surmount *Strickland's* high bar.  While in chambers with Carson's trial counsel present, the trial court read a note from the jury saying, "Currently, we are at a stalemate, 8 to 4.  Unable to come to a unanimous verdict."  Doc. [10-4] at 19.  The trial court asked trial counsel whether it would be worth giving a *Sharplin* instruction to the jury.  *Id.* at 19–20.  However, the trial court indicated the decision was discretionary: "I didn't say I was going to follow it.  I'm just asking."  *Id.* at 20.  Carson's trial counsel stated, "I suppose if they sent this [note], it's probably beyond hope.  I've never had the *Sharplin* instruction ever work when it was given, so I'm not interested in wasting time."  *Id.* at 20.  Ultimately, the trial court returned to the courtroom and gave a *Sharplin* instruction to the jury.  *Id.* at 21–22.  And Carson's trial counsel approved of the language beforehand.  *Id.*  Lastly, Carson indicates he was present in the courtroom when the trial court gave the *Sharplin* instruction to the jury, as this is when trial counsel informed him that such an instruction would be given.  Doc. [1] at 19.

"[A] defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure."  *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987); *see* Fed. R. Crim. P. 43(a).  But Carson had no right to be present during the in-chambers conference regarding the *Sharplin* instruction because there was "nothing he could have contributed to his own defense in such discussions, and he has not attempted to demonstrate such."  *Keller v. Cain*, No. 1:21-CV-134-KHJ, 2024 WL 4268134, at *32 (S.D. Miss. Sept. 23, 2024).  In any event, Carson's trial counsel was present for the in-

chambers conference and adequately represented Carson's interests.  Trial counsel argued against giving the *Sharplin* instruction, but the trial court ultimately exercised its discretion by giving the *Sharplin* instruction.  *See Lowenfield v. Phelps*, 817 F.2d 285, 293 (5th Cir. 1987) ("The trial judge must enjoy wide discretion in determining whether to declare a mistrial on ground of a deadlocked jury.").  And the record reflects that Carson was present in the courtroom when the trial court gave the *Sharplin* instruction to the jury.  *See United States v. Benavides*, 549 F.2d 392, 393 (5th Cir. 1977).  With respect to Ground Three (h), the Court finds that Carson fails to show his trial counsel's performance was deficient under *Strickland*.

In Ground Three (i), Carson argues his trial counsel somehow coerced him to tell the trial court at sentencing that he was a drug user in a plea for leniency.  Doc. [1] at 20.  He raised this issue in his first PCR application.  Doc. [10-8] at 39.  At the sentencing hearing, the trial court asked, "Does the defense desire any testimony from anybody."  Doc. [10-8] at 217.  The transcript reflects that trial counsel briefly conferred with Carson.  *Id.*  Afterward, Carson stated to the trial court, "I just want to ask the Court that I do have a drug problem and I would like to try to get my life back on track.  I would like to go to rehab and . . . try to raise my kids."  *Id.*  He alleges he "was embarrassed to do [this] before [his] family."  Doc. [1] at 20.  The Court finds Carson fails to demonstrate how he was somehow coerced into making the statement above.  Additionally, he fails to show his trial counsel's performance was deficient or how his trial counsel's alleged deficient performance actually prejudiced him under *Strickland*.[9]

---

[9] The transcript of the sentencing hearing shows that the prosecution recommended a sentence of "20 years . . . with 15 years to serve."  Doc. [10-4] at 31.  But the trial court did not follow this recommendation and instead imposed a sentence of 20 years, with ten years to serve, ten years suspended, and five years post-release supervision.  *Id.* at 33.  Therefore, it appears the trial court considered Carson's statement that he was a drug user when imposing this sentence.

## RECOMMENDATION

The undersigned recommends that Petitioner Phillip James Carson's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus be DENIED and DISMISSED with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 17th day of June 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE