UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILLIP JAMES CARSON                                                                    PETITIONER

V.                                                            CIVIL ACTION NO. 3:23-CV-178-DPJ-RPM

BURL CAIN AND LYNN FITCH                                                             RESPONDENTS

ORDER

Phillip Carson filed this habeas petition under 28 U.S.C. § 2254 challenging his state-court conviction and sentence for possession of a controlled substance. Pet. [1]. On June 17, 2025, United States Magistrate Judge Robert P. Myers, Jr. entered a Report and Recommendation [61] recommending that the Court dismiss Carson's petition with prejudice.

Carson had 14 days to file an objection. *See* R&R [61] at 24. He did not do so. "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note (1983). But since the entry of the R&R, Carson has filed the following: (1) motion to expand the record [63], (2) supplemental brief [62] in support of his habeas petition and motion to expand,[1] (3) Notice and Clarification on Regarding Brady and Giglio-Based Claims [64], and (4) Notice and Request for Inquiry or Clarification Regarding Altered MDOC Timesheet and Jail Time Request [65]. And Respondents responded in opposition [66, 67].

Carson's additional filings do not change the Court's holding with respect to the R&R. The filings address "newly discovered material evidence" relating to Carson's MDOC time sheet. Suppl. Br. [62] at 1; Mot. [63] at 1. Carson says the evidence establishes Brady and

---

[1] The Court notes that Carson's motion to expand and supplemental brief are identical filings with different titles.

Giglio violations and requests "evidentiary development or hearing" related to these claims. Notice [64] at 2. Aside, from the conclusory allegations in the motion to expand, Carson's motion to present evidence [34] and motion to clarify allegations [37] addressed similar arguments. Judge Myers rejected those arguments and Carson's request for evidentiary hearing in previous orders. *See* Orders [48, 53]. And in the R&R, Judge Myers concluded that "it is not necessary to expand the record or conduct an evidentiary hearing." R&R [61] at 2.

Notably, Judge Myers entered an earlier order [42] prohibiting Carson from filing future motions requesting an evidentiary hearing. *See* Order [42] at 1 (noting Carson's filing of seven motions in a two-month span). And although Carson's additional filings [62, 63, 64, 65] were docketed after the R&R was entered, the date reflected on those filings is June 16, 2025, indicating that Carson ignored Judge Myers's order [42]. That said, Federal Rule of Civil procedure 11(b)(1) gives the Court discretion to issue sanctions for abusive litigation practices. *See In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993); *see also Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008) (finding district court has jurisdiction to sua sponte impose a pre-filing injunction to deter vexatious litigants).

The motion to expand the record [63] is denied. And Carson is warned that he should avoid filing repetitive motions. Failure to do so may result in sanctions.

IT IS ORDERED that the Report and Recommendation [61] of United States Magistrate Judge Robert P. Myers, Jr. is adopted as the finding and holding of this Court. Carson's petition is dismissed with prejudice.

A separate judgment will be entered as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 9th day of July, 2025.

s/ *Daniel P. Jordan III*  
UNITED STATES DISTRICT JUDGE